### LECK v. RUDD.

(Supreme Court, Trial Term, New York County. April, 1898.)

ACTIONS—NATURE—CONTRACT OR TORT.
  Defendant agreed to furnish plaintiff, a retail milk dealer, with pure and wholesome milk. He furnished adulterated milk, however, and plaintiff was convicted for reselling it. *Held*, that an action on the contract would not lie for damages resulting to plaintiff's business from the conviction, since the cause of action arose ex delicto, provided defendant knew he was furnishing impure milk.

Action by William Leck, an infant, etc., against John Rudd, to recover damages for breach of contract. Dismissed.

T. E. Murray, for plaintiff.
A. B. Carrington, for defendant.

McADAM, J. The complaint charges that the defendant, a wholesale dealer in milk, sold to the plaintiff, for use in his business, a quantity of milk, on the agreement that it should be pure and wholesome; that, relying upon this agreement, the plaintiff received from the defendant, and sold to customers from day to day, certain of said milk, which he believed to be pure and wholesome; that on August 22, 1895, a milk inspector tested certain milk which the plaintiff on that day had received from the defendant under said agreement, and, on September 4th following, caused the plaintiff's arrest for selling adulterated milk; that, upon a trial subsequently had, the plaintiff was convicted of the offense, and fined $100; and that the publication of his arrest and conviction injured his business. This is not a case where a vendee is seeking to obtain the difference between the market value and the agreed price of the thing sold; nor is there any allegation that the vendee had paid the agreed price, so as to make such difference recoverable. The action is to recover for a remote consequence of the sale,—injury to the vendee's business, caused by his arrest and conviction,—not within the presumed contemplation of the parties. In order to recover consequential dam-

ages of this character, the action should have been brought ex delicto; and scienter should have been charged, so as to make it one for deceit. Baylies, Code Pl. 161; 5 Am. & Eng. Enc. Law, 318. It was not so brought, but on the theory of contract. See 26 Am. & Eng. Enc. Law, 72. This was stated by the plaintiff's counsel in his opening. In such form the action for consequential damages is not maintainable, and for this reason the complaint must be dismissed.